# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KAREN CLEMENTS,

          Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.

Case No. 06-CV-670-FHM

## **OPINION AND ORDER**

Plaintiff's counsel has filed a Motion for Attorney Fees [Dkt. 33] seeking an award of attorney fees pursuant to 42 U.S.C. §406(b)(1) in the amount of $7,472.35. The matter has been fully briefed and is ripe for decision.

42 U.S.C. § 406(b)(1) provides for an award of attorney fees for work performed before the district court, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Fees may be awarded pursuant to §406(b) under two circumstances: (1) under the express terms of §406(b), fees may be awarded when the court remands a Social Security case for immediate payment of benefits; and (2) fees may be awarded when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006)(addressing §406(b) fees following further administrative proceedings on remand from the federal court).

This case presents the possibility for an award under §406(b) under both circumstances. On May 14, 2008, pursuant to the parties' agreement, the court issued an order: reversing the Commissioner's decision; remanding the case for payment of benefits beginning May 1, 2006; and directing further administrative proceedings for the period from November 28, 2002 through April 30, 2006. [Dkt. 28]. The Notice of Award which advised Plaintiff and counsel of the amount of back benefits due as a result of the remand for benefits was issued on December 26, 2008. [Dkt. 33-2]. The Notice advised that $6,293.85 was being withheld from past due benefits for payment of lawyer fees. *Id.* at 3. On July 9, 2009, an ALJ issued a decision finding Plaintiff disabled from November 29, 2002. The Notice of Award relating to the July 9, 2009 decision was dated October 3, 2009, and reflected that $4,863.50 was being withheld from past due benefits for payment of lawyer's fees. [Dkt. 33-3, p. 3].

The Commissioner argues that the request for fees, filed November 20, 2009, is untimely for the December 28, 2008 Notice of Award. Plaintiff's counsel replies that the request for fees was filed "within a reasonable amount of time after the Plaintiff's case was completely finished." [Dkt. 35, p. 1]. He argues that since this case presents the unusual situation where there are two award orders resulting from a single application, "the period of time to consider is the time that passes after the as [sic] been finalized not when it is just half way finished." *Id.* at 2.

The court rejects counsel's assertion that it was reasonable to wait to file a request for fees until the entire case was "finalized" or "completely finished." When a Social Security case is remanded by the court for the payment of benefits, Fed. R. Civ. P. 54(d)(2)(B)(i) applies and requires the motion for attorney fees to be filed "no later than 14

2

days after the entry of judgment." Under Rule 54 counsel was required to file the motion for fees requested under 406(b) within 14 days of May 14, 2008.

As a practical matter, the amount of fees could not be determined until a Notice of Award was issued by the Commissioner. Therefore, although Rule 54 provides otherwise, an argument can be made that it would be reasonable to wait to file the motion for fees until the Notice of Award was issued in December 2008.[1] There is, however, no support for the argument that the question of timeliness should be measured from the date the entire case was finished nearly a year later.[2] Counsel could not be certain when the Commissioner would issue a decision on the remaining issues, nor could counsel be certain that the eventual decision would be favorable to the claimant. Counsel's decision to wait until the case was finalized only served to tie up the claimant's money.

The Social Security Administration withheld 25% of the claimant's past due benefits for the payment of attorney fees. Any money withheld from past due benefits for payment of attorney's fees which is not awarded in fees would be paid to the claimant who, having been awarded disability benefits, is unable to work and presumably in need of the additional money. Even if the fee application would not have resulted in return of any of

---

[1] The court expresses no opinion about whether such an application would be considered to be timely. Since Fed.R.Civ.P. 54 applies, the better practice would be to follow the dictates of that rule.

[2] In *McGraw*, 450 F.3d at 505, the Tenth Circuit stated that when benefits are awarded by the Commissioner after court remand for further proceedings and Fed. R. Civ. P. 60(b)(6) is employed to permit counsel to seek fees under §406(b)(1), "a motion for fees under §406(b) should be filed within a reasonable time of the Commissioner's decision awarding benefits." So, even when Fed. R. Civ. P. 54 is not applicable, reasonable time is measured from the date of the "Commissioner's decision awarding benefits." In *Bernal v. Astrue*, 611 F.Supp.2d 1217, 1220 (N.D. Okla. 2009) this court reiterated that "the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits." In addition, the court stated that a reasonable time will be measured in weeks and months, not years. *Id.*

3

the past due benefits, it would have resulted in the return to claimant of up to $2,646.15[3] which is the amount counsel previously received in fees under the Equal Access to Justice Act (EAJA). *See Weakley v. Brown*, 803 F.3d 575, 580 (10th Cir. 1986)(requiring refund to the claimant of the smaller of EAJA fees or §406(b) fees).

The court is sensitive to the fact that process of obtaining disability benefits is often lengthy and the claimant is often without income while the claim is pending. Consequently, the court requires that any request for fees be filed promptly. The court finds that the request for §406(b) fees based on court's remand for the payment of benefits beginning May 1, 2006, was not timely filed. Therefore, no attorney fees will be awarded based on the December 26, 2008, Notice of Award. [Dkt. 33-2]. Counsel's Motion for Fees is DENIED to the extent it seeks fees based on the December 28, 2008 Notice of Award.

The court finds that the motion for fees was timely filed as to the July 9, 2009, decision. The court will therefore proceed to determine the reasonableness of the application for fees as it relates to the amount withheld in the October 3, 2009, Notice of Award. [Dkt. 33-3].

The October 3, 2009, Notice of Award reflects that $4,863.50 was withheld for payment of attorney fees. [Dkt. 33-3, p. 3]. That amount is the amount of the fee request being considered. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed that she does not object to the requested fee award. [Dkt. 33-6]. The Court previously granted Plaintiff's application for an award of $ 2,646.15 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel

---

[3] The application for fees states that EAJA fees in the amount of $3,023.30 have been paid. The court notes that it ordered payment of EAJA fees in the amount of $2,646.15. [Dkt. 32].

4

performed before the Court. [Dkt. 32]. The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff. Counsel has submitted a fee agreement in which Plaintiff agrees to pay an attorney fee of 25% of past due benefits. [Dkt. 33-5].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be

5

adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

The undersigned finds that a fee award of $4,863.50 which is 25% of Plaintiff's past due benefit award as reflected in the October 3, 2009, Notice of Award is reasonable. That award comports with the agreement between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $ 371 per hour for 13.1 hours of work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. And finally, when the amount of the EAJA fee award, $2,646.15, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is an out-of-pocket payment from Plaintiff of $ 2,217.35 which is 11.4% percent of the past due benefits related to the October 3, 2009, Notice of Award.

Plaintiff's Attorney's Motion for an Award of Attorney Fees [Dkt. 33] is GRANTED in part and DENIED in part, as follows:

The motion is untimely as it relates to the benefits awarded as a result of the court's May 14, 2008, remand for payment of benefits. Therefore the motion for fees is denied as to the fees related to the December 2008 Notice of Award.

The motion for fees is timely as to the July 2009 decision awarding benefits. Counsel is awarded $4,863.50 to be paid from Plaintiff's past due benefits being withheld

by the Commissioner for attorney fees.[4] In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $2,646.15 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 8th day of March, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[4] Nothing within this Opinion and Order prevents counsel from collecting the $4,863.50 awarded herein from any past due benefits being withheld by the Commissioner.